■ In the Matter of the Claim of ANNA J. SMITH, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 24, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding that the claimant sustained an industrial accident on December 6, 1962. The only question raised on this appeal is the causal relationship between the accident of December 6, 1962 and claimant's ultimate injury resulting in an operation on September 18, 1963. Claimant slipped and fell during the course of her employment on December 6, 1962, which original fall is not contested by appellants. Claimant first sought medical attention on May 7, 1963 after returning from a sojourn in Arizona with her husband who was

in ill health and needed her assistance in raising him from his bed and helping him to the bathroom. Dr. Towlen examined claimant on May 7, 1963 and received a history of right sacroiliac sprain referred down the right sciatic distribution. Dr. Towlen referred claimant to Dr. Seymour, a neurosurgeon, who diagnosed claimant's condition as a ruptured disc. Claimant was hospitalized on September 13, 1963 and, after a myelogram which confirmed the diagnosis of a herniated disc, the operation was performed on September 18, 1963 and the disc removed. Claimant was discharged from the hospital on September 24, 1963 and returned to work on September 30, 1963. Appellants contend that the testimony reveals that claimant told Dr. Towlen that her pain started four months after the accident, that she told Dr. Seymour that the pain commenced three to four months after the accident and that the hospital record placed the onset of the pain approximately four months after the accident. Claimant's testimony on the hearing was to the effect that she experienced pain from the time of the fall, and that she continued to work and did not see any doctor because she did not believe in " seeing doctors for any little things." Dr. Towlen testified that, in his opinion, either the fall, or the lifting of claimant's ill husband " could precipitate the development of a herniated disc." Dr. Seymour testified that the fall was " conceivably " a competent and producing cause of the back derangement he found at the time of the operation, and that the disability could have been related to the original fall if the pain had persisted from the time of the original trauma or fall. The board found that the " Medical evidence presented indicates that the fall was a competent producing cause of the condition found, being a reasonable precipitating factor in development of the disc." The finding of the board that claimant's fall caused an accidental injury to her back, which was a competent producing cause of the disc condition, should not be disturbed. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Jackson* v. *Aarlin Realty Co.*, 23 A D 2d 598.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.